**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**YANCY HARRIER,**

    **Plaintiff,**

v.    Case No.  8:12-cv-1588-T-30AEP

**VERIZON WIRELESS PERSONAL**
**COMMUNICATIONS LP,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Compel Arbitration and Stay Judicial Proceedings (Dkt. 5) and Plaintiff's Response (Dkt. 9).  The Court, having considered the motion, response, and being otherwise advised of the premises, concludes that the motion should be denied.

## DISCUSSION

Plaintiff Yancy Harrier brings this action against Defendant Verizon Wireless Personal Communications LP ("Verizon") under Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act.

Harrier is a former customer of Verizon.  On or about July 8, 2010, Harrier filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida.  Harrier's bankruptcy schedules listed Verizon as a creditor in the amount of

$834.00. On October 13, 2010, the Bankruptcy Court entered a discharge order in Harrier's bankruptcy proceedings. On October 15, 2010, the Bankruptcy Court provided Verizon with notice of the discharge.

Harrier alleges that despite the bankruptcy discharge, Verizon called Harrier regarding the alleged debt on two occasions and e-mailed her regarding the alleged debt on one occasion. Harrier alleges that these communications violated the FCCPA and the TCPA.

Verizon now moves to compel arbitration and stay the proceedings based on arbitration clauses contained in the agreements between Harrier and Verizon.

Harrier does not dispute that the agreements contained arbitration clauses; she argues that the agreements are no longer valid in light of the bankruptcy discharge. The Court agrees.

The bankruptcy proceeding discharged the Verizon debt. And under 11 U.S.C. § 524(c) the agreement between "a holder of a claim and the debtor" is enforceable only to the extent that certain conditions, such as reaffirmation of the agreement, are met. Verizon neglects to address the bankruptcy discharge in its motion. And, although the Court is unaware of a case relevant to this particular factual situation, the Court concludes that the agreements between the parties, in the absence of a reaffirmation agreement, are "completely discharged and invalidated." *In re Jones*, 6 B.R. 336, 338 (Bankr. S.D. Ohio 1980).

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Compel Arbitration and Stay Judicial Proceedings (Dkt. 5) is DENIED.

2. Defendant shall file a response to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on August 24, 2012.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1588.mtcompelarb5.frm