UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**YANCY HARRIER,**

    **Plaintiff,**

v.                                          Case No. 8:12-cv-1588-T-30AEP

**VERIZON WIRELESS PERSONAL**
**COMMUNICATIONS LP,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Reconsideration (Dkt. 11) and Plaintiff's Response in opposition (Dkt. 13). The Court, having considered the motion, response, and being otherwise advised of the premises, concludes that the motion should be denied.

## DISCUSSION

Plaintiff Yancy Harrier brings this action against Defendant Verizon Wireless Personal Communications LP ("Verizon") under Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

Harrier is a former customer of Verizon. On or about July 8, 2010, Harrier filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida. Harrier's bankruptcy schedules listed Verizon as a creditor in the amount of

$834.00. On October 13, 2010, the Bankruptcy Court entered a discharge order in Harrier's bankruptcy proceedings. On October 15, 2010, the Bankruptcy Court provided Verizon with notice of the discharge.

Harrier alleges that despite the bankruptcy discharge, Verizon called Harrier regarding the alleged debt on two occasions and e-mailed him regarding the alleged debt on one occasion. Harrier alleges that these communications violated the FCCPA and the TCPA.

Verizon moved to compel arbitration and stay the proceedings based on arbitration clauses contained in the agreements between Harrier and Verizon. On August 24, 2012, the Court denied Verizon's motion to compel. (Dkt. 10).

Verizon now moves the Court to reconsider its order and grant its motion to compel. Verizon argues that although it is "[m]indful of the fact that reconsideration is an extraordinary remedy to be employed sparingly", Harrier raised a novel legal issue in his response to Verizon's motion to compel, the novelty of which the Court recognized in its order, and Verizon did not have an opportunity to respond to this "novel argument before the Court entered its Order".

Verizon acknowledges that this issue appears to be one of first impression, but suggests that the Court consider the Eleventh Circuit's decision in *Shure v. Vermont (In re Sure-Snap Corp.)*, 983 F.2d 1015 (11th Cir. 1993), which the Ninth Circuit followed in *Siegel v. Federal Home Loan Mortgage Corp.*, 143 F.3d 525 (9th Cir. 1998), as support for its argument that arbitration should be compelled.

The Court has considered *Shure* and *Siegel* and does not find them to be persuasive authority because they are factually distinguishable. As Harrier notes in his response, *Shure* and *Siegel* are not cases involving arbitration clauses. Rather, these cases involve an award of contractual attorney's fees for cases that were commenced by debtors *before discharge* based on the defendants' pre-discharge conduct, and the attorney's fees were awarded after discharge. The rulings in those cases established that the contractual attorney's fee provisions in the discharged agreements should apply post-discharge because the debtors were "us[ing] the contract as a weapon." *Siegel*, 143 F.3d at 533.

Here, Harrier is not attempting to take advantage of any agreement with Verizon. Indeed, the existence of an agreement with Verizon is not an element to any of Harrier's claims asserted in the instant action. The claims here are statutory and relate to Verizon's allegedly harassing conduct, which occurred two years after Harrier's bankruptcy discharge was entered.

In his response, Harrier relies on two cases, *Green Tree Servicing, L.L.C. v. Fisher*, 162 P.3d 944 (Okla. Civ. App. Div. 4. 2007) and *Jernstad et al. v. Green Tree Servicing, LLC*, 1:11-cv-07974 (N.D. Ill. Aug. 2, 2012),[1] that he argues are "directly on-point factually" and reinforce that the Court's original ruling was correct.

---

[1] The *Jernstad* opinion is not published as of the date of this order and Harrier's counsel did not attach a copy of the opinion to the response. The Court was unable to find the opinion on Westlaw. The Court located the opinion by performing a search of the parties' names under Google, which directed it to a PDF version of the August 2, 2012 opinion.

The Court does not find *Fisher* to be directly on point. In *Fisher*, the court did not conclude that the arbitration agreement itself was discharged in bankruptcy. Rather, the court concluded that the relevant claim was not a "dispute[ ], claim [ ], or controversy[ ] arising from or relating to [the] Agreement." *Id.*

The Court agrees that *Jernstad* involves a nearly identical factual scenario. In *Jernstad*, the plaintiffs received numerous calls from the defendant seeking payment of a discharged debt. The plaintiffs' complaint asserted claims that the defendant violated the Fair Debt Collection Practices Act and the discharge injunction issued by the Bankruptcy Court. The court, citing to 11 U.S.C. §524(a)(2), noted, as an initial matter, that the "order discharging a debtor from his debts operated as an injunction against the commencement or continuation of an action . . . or an act, to collect, recover or offset any such debt as a personal liability of the debtor." The court then held, similar to this Court, that the plaintiffs' bankruptcy discharge rendered the parties' arbitration agreement unenforceable. The court stated: "the pre-bankruptcy Arbitration Agreement - entered into in consideration of the mortgage loan (outlining the borrower's promise to pay) - is unenforceable." The court noted that one of the central purposes of the Bankruptcy Code "is to give debtors a fresh start." The court also noted, as this Court did in its order, that the parties did not sign a reaffirmation agreement.

Neither party cited to *Green Tree Servicing, LLC v. Brough*, 930 N.E.2d 1238 (Ind. App. 2010), however, this case is also factually similar and supports Verizon's argument that arbitration should be compelled. In *Brough*, the court held:

> In this case, as in *In re Wells* and *Siegel,* Brough's bankruptcy proceeding has ended, so arbitration of his FCRA claim will not jeopardize the bankruptcy case or affect Brough's bankruptcy discharge. The Contract's arbitration clause, like the attorney's fees provision in *Siegel,* was not terminated by Brough's bankruptcy discharge. For these reasons, we conclude that Brough's contractual obligation to arbitrate his FCRA claim against Green Tree was not invalidated by his bankruptcy discharge.

*Id.* at 1243.

As stated, the court in *Brough* was persuaded by *In re Wells* and *Siegel*, in which the courts held that the arbitration agreements were not discharged in the bankruptcies. This Court is not persuaded by *In re Wells* and *Siegel*. As the Court already addressed herein, *Siegel* involved an attorney's fee provision in a contract that the debtor filed suit under *before* the debtor's debt was discharged in the bankruptcy. And in *In re Wells Fargo Bank, N.A.*, 300 S.W.3d 818, 826 (Tex. App. 2009), the court came to the conclusion that the bankruptcy discharge did not terminate the arbitration agreement by relying on cases (*MBNA Am. Bank, N.A. v. Hill,* 436 F.3d 104 (2d Cir. 2006) and *Bigelow v. Green Tree Fin. Servicing Corp.,* 2000 WL 33596476 (E.D. Ca. Nov. 30, 2000)) that considered whether compelling arbitration was appropriate when the debtors filed adversary proceedings during the pendency of the automatic stay. This Court does not find *MBNA* and *Bigelow* particularly

helpful because they were addressing whether permitting arbitration would jeopardize the bankruptcy proceedings, which is not at issue here.

In sum, this Court stands by its original holding that it would be inappropriate to compel arbitration under the facts of this case, which is consistent with the court's holding in *Jernstad*, that, under 11 U.S.C. § 524(c), the agreement between "a holder of a claim and the debtor" is enforceable only to the extent that certain conditions, such as reaffirmation of the agreement, are met. Importantly, Harrier is not using the agreement as a "weapon" in this case.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion for Reconsideration (Dkt. 11) is DENIED.

2. Defendant shall file a response to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on October 2, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1588.reconsideration.wpd